STATE of Tennessee, Appellee,

v.

Robert George PECK, III, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Aug. 1, 1986.

Permission to Appeal Denied by
Supreme Court Sept. 29, 1986.

Richard K. Mabee, Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen., Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Frank M. Groves, Jr., Jerry S. Sloan, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Robert George Peck, III, was convicted of robbery and unlawfully carrying a pistol. He was found to be a Range II offender and was sentenced to twelve (12) years imprisonment on the robbery conviction. He was given a concurrent sentence of eleven (11) months, twenty-nine (29) days and a one thousand dollar ($1000.00) fine for unlawfully carrying a pistol.

Additionally, the trial court revoked the defendant's probation that had been granted in a prior case (lower court no. 160212) and ordered the three (3) year sentence in that case to run consecutive to his twelve (12) year robbery sentence.

In this appeal, the defendant claims that the evidence was insufficient to support his robbery conviction; that the State impermissibly used its peremptory challenges to exclude all black males from the jury; that his sentence was excessive; and that the trial court erred in revoking his probation in the prior case.

On March 26, 1985, Eugene E. Lewis, Jr., noticed a black pick-up truck parked immediately behind the Lewis Motel, a motel owned by his father. He saw a black male get out of the truck and walk toward the motel office. There was a second black male, who was the driver of the truck, still sitting in the truck. This second person had on a "gray jumpsuit with a white collared top." Mr. Lewis did not see his face.

Mr. Lewis continued to drive around to the front of the motel where he saw the man who had gotten out of the truck standing behind the office counter. Mr. Lewis recognized the robber as being the same man who had robbed the motel before. Mr. Lewis called the police. When they arrived, the robber ran away. He was pursued but never caught.

While searching for the robber, a police officer noticed an empty black pick-up truck parked a few hundred yards away from the motel. As he radioed his position, the defendant stood up from where he had been crouched down behind the truck. He was wearing a gray jogging suit. The defendant approached the open truck door on the passenger side and reached his hand inside the truck, but he was ordered away. A second police officer found a loaded .380 caliber weapon lying on the floor on the passenger side of the truck. Additional ammunition was found in the truck.

Defendant was arrested and charged as an aider and abettor to armed robbery and unlawfully carrying a weapon. At the time of his arrest, the defendant was out on bond on a charge of receiving stolen property. Defendant pled guilty to this charge on May 17, 1985, and was given a three (3) year suspended sentence.

The defendant contends that there was not enough circumstantial evidence to support his conviction as an aider and abettor to robbery.

The relevant question on appeal is whether, after reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e). If the circumstantial evidence sufficiently shows all the elements of the crime and the defendant's connection to the crime, then the circumstantial evidence is enough to support the conviction. *Price v. State*, 589 S.W.2d 929, 931 (Tenn.Cr.App.1979). The circumstantial evidence in this case was sufficient for a jury to find that defendant was an aider and abettor to robbery.

An eyewitness saw a man get out of the truck. Another man remained in the

truck. A few minutes later, the man who got out of the truck was observed behind the motel counter, and the eyewitness recognized him as having robbed the motel before. After the robber fled, the defendant, who was dressed similarly to the man who had remained in the truck, was found crouched down behind the truck which was parked a few hundred yards from the motel. A loaded handgun was found in the truck. All of this evidence was more than sufficient to show the defendant's guilt beyond a reasonable doubt. The jury was authorized to conclude that the defendant aided and abetted his accomplice in the commission of this robbery.

■ The same thing is true regarding the weapons violation, as a loaded pistol was found in the defendant's truck.

The evidence meets the requirements of *Jackson v. Virginia, supra,* and T.R.A.P. 13(e).

In his next issue, the defendant says the trial court erred in denying defendant's *motion for a mistrial* on the ground that the State had used its peremptory challenges to impermissably exclude black males from the jury.

The defendant filed a motion for a mistrial after the jury had been accepted by both the State and defense and was sworn by the trial judge. In his motion, defendant claimed that the prosecuting attorney had used two of his peremptory challenges to excuse both black males from the jury panel, and argues that since the defendant is a black male, this was an impermissible use of challenges.

The prosecuting attorney used three of his four challenges: two to excuse the two black males, and a third to excuse a jury member who was also challenged by defense. A black female remained on the jury.

The trial judge denied the defense motion for a mistrial, stating that it was his understanding that peremptory challenges could be used "for any reason or no reason."

■ First, defendant's motion for a mistrial on this ground was not timely. The appropriate time for such a motion is prior to the acceptance and swearing in of the jury. After a party has assured the court that the jury as impaneled is acceptable, that party will not be heard to complain of the makeup of the jury panel. This issue, based upon a motion not timely made, is overruled. T.R.A.P. 36(a).

Second, even assuming that the motion was timely, the recent United States Supreme Court case, *Batson v. Kentucky,* —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), defines the three-part test to be used when a defendant alleges impermissible use of peremptory challenges by the prosecuting attorney. In *Batson,* the defendant, a black male, was charged with second degree burglary and receipt of stolen goods. *All* four black persons on the jury were challenged by the prosecution. Defense moved to discharge the jury before it was sworn, alleging violations of his rights under the sixth and fourteenth amendments.

The Court in *Batson* stated that "the State's privilege to strike individual jurors through peremptory challenges is subject to the commands of the Equal Protection Clause." *Id.* at 1718. The prosecution may not challenge "potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Id.* at 1719.

Further, the Court pointed out that the defendant had the burden to prove any racially discriminatory purpose. Upon a timely motion the defendant may establish a prima facie case by: (1) showing that he is a member of a racial group capable of being singled out for different treatment, and that the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire; (2) relying on the fact that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate; and (3) showing that these facts plus any other relevant

circumstances (such as a previous pattern of striking blacks or the types of questions used during voir dire) raise an inference that the prosecution used that practice to exclude persons from the petit jury on account of their race. This three-part test will raise the necessary inference of purposeful discrimination. Once a defendant has established a prima facie case, the burden shifts to the State to provide the court with a neutral explanation for challenging black jurors.

■ Applying the *Batson* test to the instant case, defendant is a member of a racial group capable of being singled out for different treatment. However, the prosecuting attorney did not use his peremptory challenges to remove all members of defendant's race from the jury. A black woman was left on the panel and prosecution had one challenge left. Thus, in addition to not making a timely motion, the defendant did not establish a prima facie case of a racially discriminatory purpose.

We find that the trial court correctly denied the defendant's motion for a mistrial.

Next, the defendant says his twelve (12) year sentence for robbery was excessive.

The defendant was sentenced to a Range II sentence of twelve (12) years. He was eligible for a Range II sentence because he committed the present robbery while out on bail for another offense, for which he was ultimately convicted. T.C.A. §§ 40–35–107(3)(A), 40–35–109(c). We note that a Range II sentence for robbery is not less than ten (10) nor more than fifteen (15) years. T.C.A. §§ 39–2–501, 40–35–109(b).

We have reviewed the record *de novo* regarding the defendant's sentence, as we are required to do. T.C.A. § 40–35–402(d) (Spec. Supp. 1986). We do not see any mitigating factors, such as are enumerated in T.C.A. § 40–35–110. Several enhancement factors, as enumerated in T.C.A. § 40–35–111, are present. Particularly, the defendant has an extensive history of criminal misconduct, and he has previously been unwilling to comply with conditions of prior probated sentences, both as a juvenile and as an adult. *See* T.C.A. § 40–35–111(1) and (8). The record shows, in addition to several juvenile offenses, he was convicted in Alabama of burglary in 1984 and in Tennessee of receiving stolen property in 1985.

■ Our review of the record satisfies us that a sentence of twelve (12) years, as set by the trial court, was an appropriate sentence in this case.

Finally, the defendant contends that the trial court erred in revoking his probation in case number 160212. The defendant argues that the trial court did not comply with the revocation requirements of T.C.A. § 40–21–107 in that no notice was given. Also, he argues that the trial court failed to make detailed findings regarding the revocation.

On May 7, 1985, after the date of the present offenses, but prior to the date of his present convictions, the defendant pled guilty to receiving stolen property and received a three (3) year sentence. Probation was granted.

The defendant was convicted of his current offenses on October 16, 1985, and a sentencing hearing was held on November 14, 1985. At that time, counsel was appointed to represent the defendant for his probation violation. Also, at that sentencing hearing, the trial court, on its own motion, revoked the defendant's probation and ordered the defendant's three (3) year probated sentence to be served consecutive to the sentence imposed for his present robbery conviction.

On December 3, 1985, the defendant filed a motion for rehearing on the revocation of his probation on the grounds he had not been provided with notice and had not been served with any revocation papers.

On December 18, 1985, the trial court overruled the defendant's motion for a new trial, regarding his robbery and carrying a pistol convictions. The trial court's order of that date recites the overruling of the motion for a new trial and then it states:

The defendant then requested to be heard on his "Motion For Rehearing"

and argued that he was not given notice before the Court brought up that case and revoked his probation at the time of his sentencing on 14 November 1985, and the Court decided that the motion was well taken, that due process of law requires that he have some notice for reason that there could conceivably be some reason that he could bring to the attention of the Court as to why his probation should not be revoked despite the fact that he had been convicted of Robbery and Unlawfully Carrying a Pistol and sustained the "Motion For Rehearing" and invited the defendant to give reasons why his probation should not be revoked in the face of these convictions and it was determined that the defendant's position was that while he had been convicted of these offenses by a jury, the judgment was not final until appeals have been exhausted. The Court was of the opinion that there was nevertheless grounds for revoking probation on the basis of what the Court heard during the trial of the case and of matters that were not known to the Court when the defendant was placed on probation and the Court reaffirmed the order revoking probation.

Thus, the defendant was on actual notice as early as November 14, 1985, that his probation was to be revoked, and although the court erred by revoking his probation on that date without advance notice and without holding a revocation hearing, the error was cured by granting a rehearing on the question, which hearing, according to the trial court's order, was held on December 18, 1985.

 Thus, the defendant had actual notice of the revocation proceedings that took place on December 18, 1985. Also, the trial court's order of that date clearly stated adequate reasons for the revocation action taken.

Additionally, we have reviewed the record *de novo* with regard to the probation revocation question, and we find that because of the defendant's present convictions, revocation of his probation was clearly warranted.

The judgments of the trial court are affirmed.

CORNELIUS, J., and RICHARD R. FORD, Special Judge, concur.