# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 28, 2001

## STATE OF TENNESSEE v. CHRISTOPHER LYNCH

### Direct Appeal from the Circuit Court for Blount County
### No. C-11530     D. Kelly Thomas, Jr., Judge

### No. E2001-00197-CCA-R3-CD
### April 16, 2002

The defendant appeals the revocation of his probation.  After a review of the record, we conclude that the defendant stipulated to the violation at the revocation hearing. Furthermore, the defendant had actual notice of an alleged violation based on two positive drug screens. Therefore, the court properly found a probation violation on that basis.  Finally,  the defendant's failure to pay court costs and restitution as ordered by the court was not due to an inability to pay but was a willful refusal to pay. As such, the trial court did not abuse its discretion in revoking the defendant's probation.  The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN,  JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); Raymond Mack Garner, District Public Defender; and Shawn G. Graham, Assistant Public Defender, for the appellant, Christopher Lynch.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General;  Michael L. Flynn, District Attorney General; and Tammy M. Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In April of 2000, the defendant, Christopher Lynch, pled guilty to auto burglary, a Class E felony, and theft of property with a value of over $1,000.00, a Class D felony.  He was sentenced to two (2) years for each charge, to be served concurrently in split confinement.  The defendant was required to serve nineteen (19) days jail time with the remainder of his sentence on probation.  On October 31, 2000, a violation of probation affidavit was filed alleging that the defendant violated two of his probation conditions.  After a hearing, the trial court revoked the defendant's probation and ordered the defendant to serve six (6) months in the county jail before

returning to probation. His probation was also extended for one (1) year. The defendant filed this timely appeal alleging that the trial court abused its discretion by finding that the defendant violated the terms of his probation.

## FACTS

The violation of probation affidavit, served on the defendant, alleged that he violated rules nine and ten of the terms of his probation. According to the affidavit, the rule nine violation was based upon the defendant's failure to make the required payments for Board of Probation and Parole fees, and the rule ten violation was based on the defendant's failure to pay court costs and restitution as ordered and failure to perform community service work. At the probation revocation hearing, defense counsel informed the trial court that there was also an allegation that the defendant violated his probation because he had failed two drug screens. However, there was no mention of the positive drug test nor was a probation violation alleged on that basis in the affidavit/warrant.

A trial court order filed on June 15, 2000, indicates that the defendant was required to pay $175.00 a month in restitution and $25.00 a month in court costs for a total payment of $200.00 a month. In addition, the judgment forms indicate that the defendant was ordered to perform 100 hours of community service.

Two witnesses testified at the hearing on the alleged probation violation. The victim testified that the defendant was initially ordered to pay restitution in installments of $25.00 a month installments. At the victim's request, the court raised the amount to $175.00 a month.[1] According to the victim, she had never received a payment of $175.00 from the defendant. The victim further testified on cross-examination that she would not be satisfied with a lesser amount because, in her opinion, the defendant could afford $175.00 a month even though he was only earning minimum wage.

The defendant testified that he was currently unemployed and had been for a little over two weeks. He explained that he was laid off when another employee returned from maternity leave. He also asserted that he had been looking for other employment but had been unsuccessful thus far. While employed, the defendant earned $6.50 an hour and worked 37 to 40 hours a week. The defendant stated that he could not afford to make the $200.00 a month payments that were required even if he found full time employment at the same rate he was previously earning. He estimated that he could afford to make a total payment of $100.00 to $125.00 a month. On cross-examination, the defendant testified that he was employed from March of 2000 to September of 2000 at Air-Cel Corporation and at another business, Pilot Oil

---

[1] It appears that the defendant was not present at the hearing on the State's request to raise his monthly restitution payments. Because the defendant had moved and could not be located at the time the request was made, the trial court went ahead with the hearing and ordered that the restitution payments be set at $175.00.

Company, from September until he was laid off in January of 2001. His monthly housing expense was $200.00, and his monthly car payment was $315.00. Those were his only regular monthly expenses at the time of the hearing.

After questioning the defendant about his income and expenses, the State asked, "Now, the payment was one issue, but the other issue was you've had two positive drugs screens?" The defendant responded, "Uh-huh." The trial court then asked the defendant what he said, and the defendant replied "Yes. Yes, sir." The State next asked the defendant where he got the money to buy the drugs, and the defendant replied, "Working."

Finally, the trial court questioned the defendant about the payments he had made towards restitution and court costs. The defendant responded that he had been making regular monthly payments of $25.00 and that he had made one $200.00 payment in December of 2000. The defendant also acknowledged that he was ordered to perform 100 hours of community service and had performed a total of eight hours at the time of the hearing.

## ANALYSIS

The defendant asserts that the trial court abused its discretion by finding that the defendant had violated the terms of his probation. Three different probation violations were alleged at the probation revocation hearing: failure to pass two drug screens, failure to pay court ordered restitution and costs, and failure to perform court ordered community service. We note, however, that proof of only one violation is sufficient to support revocation of the defendant's probation.

A trial court may revoke a sentence of probation if it determines by a preponderance of the evidence that the conditions of probation have been violated. Tenn. Code Ann. § 40-35-311(e). The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To find an abuse of discretion in a probation revocation case, this Court must determine that the record is devoid of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In the instant case, the trial court found that the defendant violated the terms of his probation by "having two positive drug screens, [and] by failing to follow court order on doing community service." In addition, the trial court found that the defendant "has paid some

-3-

payments - -I think $305 on costs . . . [and] made one $200 payment in early December and no payments since then."

According to the defendant, he was not given written notice of the State's intent to prove a probation violation based upon the two positive drugs screens, and therefore, the revocation of his probation on that basis was improper.  However, the State argues that information indicating that the defendant had failed two drug screens was included in two probation violation reports, which were filed with the trial court.  Notwithstanding the fact that such information was not alleged in the arrest warrant, the State asserts that the defendant had actual notice that such information would be used to prove a probation violation at the hearing.  We agree.  In Gagnon v. Scarpelli, the United States Supreme Court set forth the elements needed to establish the "minimum requirements of due process" in a revocation of probation hearing, which includes "written notice of the claimed violations of [probation or] parole."  411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973).

In this case, the arrest warrant served upon the defendant made no mention of the positive drug screens. Therefore, the defendant did not have written notice of the claimed violation on that basis.  However, at the outset of the probation revocation hearing, the following dialogue between defense counsel and the trial court reveals that the defendant had actual notice of the purported violation based on the his failure to pass two drug screens.

> **The Court:** The allegation is [the defendant] made only two payments toward probation and parole fees and failed to pay court costs and restitution, failed to perform community service work.

> **Defense Counsel:** That's one of them. There was a supplement attached to that, that indicated that [the defendant] had failed two drug screens, Your Honor.

From the above facts, it becomes apparent that while the defendant did not receive written notice, he had actual notice of the intent to use his positive drug screens to revoke his probation. Though written notice is preferred, this Court has previously held that actual notice will suffice to meet the due process requirements in a revocation of probation proceeding.  See State v. Jackson, 1999 Tenn. Crim. App. LEXIS 830, No. 02 C01-9802-CR-00041, 1999 WL 615742 at *4 (Tenn. Crim. App. at Jackson, August 13, 1999); State v. Wolford, 1999 Tenn. Crim. App. LEXIS 139, No. 03 C01-9708-CR-00319, 1999 WL 76447 at *7 (Tenn. Crim. App. at Knoxville, Feb. 18, 1999); State v. Peck, 719 S.W.2d 553, 557 (Tenn. Crim. App. 1986); Stamps v. State, 614 S.W.2d 71, 73-74 (Tenn. Crim. App. 1980).  This issue is without merit.

The defendant next argues that although he admittedly failed to make the full restitution payment required, there was insufficient evidence to find that he willfully refused to pay. When the basis for revocation of a probationary sentence is failure to pay costs and fines, a court may not revoke the sentence until determining the underlying reasons why the payment has not been

-4-

made.  State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986); Massey v. State, 929 S.W.2d 399, 402 (Tenn. Crim. App. 1996) (citing Bearden v. Georgia, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983)).  If the nonpayment is due to willful refusal to pay or failure to make sufficient bona fide efforts to obtain the means to pay, then probation may be revoked.  Dye, 715 S.W.2d at 40.  If, on the other hand, the nonpayment stems from the probationer's inability to pay, it may not form the basis for imprisonment unless alternative measures other than incarceration are inadequate to meet the State's needs in punishment and deterrence.  Id.

It is clear from the record that the defendant did not pay the full amount ordered per month.  There is also evidence that his failure to pay was willful.  The trial court found and the record supports that the defendant made partial payments totaling $305.00 in court costs and at least $175.00 in restitution.  However, there were also periods of time during which the defendant paid nothing without any justification.  We acknowledge that there is evidence that suggests the defendant was not aware until September of 2000 that the restitution payments had been increased in June of 2000, from $25.00 to $175.00 a month.  However, the record also reveals that defendant made only one full payment in the three and a half months after he learned of the increase. Furthermore, the defendant admitted that he spent money on illegal drugs.  Therefore, considering the defendant's income and minimal expenses together with the fact that he had money to purchase drugs, we conclude that the defendant's failure to pay court ordered restitution and court-costs was willful and not the result of his inability to pay. This issue is without merit.

Finally, we conclude there is sufficient evidence to support the trial court's finding that the defendant violated the terms of his probation based on his stipulation through counsel.  The record indicates that prior to the hearing, defense counsel stated, "We're going to be stipulating to the violation."  We begin by noting that such "stipulation" was general in nature and did not specifically refer to any one of the alleged violations.  Thus, we conclude that the defendant's "stipulation" was an admission of the facts alleged in the arrest warrant.  The arrest warrant alleges a

> Violation of rule #9, in that [defendant] has made only 2 payments towards Board of Probation and Parole fees.  He currently owes $180.00 with last payment being 6-06-00.
>
> Violation of rule #10, in that [defendant] has fail to pay court costs/restitution as ordered and has failed to perform community service work.

In addition, because defense counsel's statements concerning the two positive drug screens immediately followed the assertion of a stipulation, we conclude that the defendant was also stipulating that he had failed two drug screens.  Therefore, the defendant's stipulation was sufficient evidence that the defendant had violated the terms of his probation.

## CONCLUSION

Our review of the record reveals that the defendant had actual notice of an alleged violation based on his failure to pass two drug screens. We conclude that the defendant's stipulation to the violation was sufficient evidence to establish all of alleged probation violations. Furthermore, there is evidence that the defendant's failure to pay restitution as ordered was willful. We, therefore, conclude that the trial court did not abuse its discretion by revoking the defendant's probation. The judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE