IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

## STATE OF TENNESSEE v. FREDRICK R. ROSS, JR.

**Appeal from the Criminal Court for Sumner County**
**Nos. 2015-CR-170, 2015-CR-173, 2015-CR-174, 2015-CR-263, 2015-CR-548**
**Dee David Gay, Judge**

_____

### No. M2016-02180-CCA-R3-CD

_____

Defendant, Frederick R. Ross, Jr., appeals the trial court's decision to revoke his probation and place his twelve-year sentence into effect. Defendant argues that the State violated his due process rights by failing to give proper notice of the alleged violations of probation and by failing to disclose the evidence to be used against him. Additionally, Defendant argues that the trial court abused its discretion by placing Defendant's full sentence into effect. Upon review of the record, we affirm the judgment of the trial court but remand the case for the correction of clerical errors on the judgment forms.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Michael Pellegrin (on appeal), Gallatin, Tennessee, and Susannah Rourk (at hearing), Madison, Tennessee, for the appellant, Fredrick Rochelle Ross, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Ray Whitley, District Attorney General; and Bryna Grant and C. Ronald Blanton, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

On November 23, 2015,[1] Defendant pled guilty to one count of selling a Schedule II controlled substance (Hydrocodone), four counts of simple possession of marijuana, two counts of felony failure to appear, one count of felony evading arrest, two counts of misdemeanor evading arrest, one count of criminal impersonation, and one count of driving on a revoked or suspended license.[2] Under the terms of the plea agreement, Defendant received a total effective sentence of twelve years to be served at 30% plus two consecutive sentences of eleven months and twenty-nine days to be served at 75%.[3] Defendant's sentence was suspended upon time served, and Defendant was placed on probation.

On March 29, 2016, a probation violation warrant was issued under case numbers 2015-CR-170 and -173 alleging the following violations:

Violation rule #1: Offender committed the crimes of criminal simulation and was in possession of illegal substances on or about 12-20-15 in Robertson Co[unty].

Violation rule #2: Offender failed to report new arrest on or about 12-20-15 in Robertson Co[unty].

Violation rule #4: Offender has failed to provide proof of employment or means of seeking employment.

Violation rule #5: Offender did not have permission to move from residence or to leave Sumner Co[unty]. Multiple home visits were conducted, family says offender no longer resides at provided address and that he had moved to somewhere in Davidson Co[unty]. . . .

---

[1] For some unknown reason, the transcript of Defendant's guilty plea lists the case numbers as 2015-CR-806 and 2015-CR-729 and lists the date of the hearing as April 21, 2016.

[2] The judgment forms were filed on January 12 and 19, 2016. The record on appeal does not contain judgment forms for additional charges that were retired or dismissed as part of the plea agreement. If judgments for these counts do not exist, the trial court should prepare a uniform judgment form reflecting the disposition of each count of each indictment. *See State v. Davidson*, 509 S.W.3d 156, 217 (Tenn. 2016).

[3] The judgment form for each count in Case Number 2015-CR-170 states that the sentence is to run consecutively to "[a]ll other cases" but does not state that the counts are to run concurrently with each other (with the exception of Count 2 stating that it is to run consecutively to Count 9). A plain reading of these judgment forms would increase Defendant's total effective sentence by two additional eleven-month-and-twenty-nine-day sentences and a 180-day sentence. On remand, the trial court should enter amended judgments to reflect which sentences are to run concurrently to each other.

Violation rule #6: . . . Offender has not reported to probation since 12-16-15. Offender[']s whereabouts are unknown and offender has absconded supervision.

Violation rule #8: Offender was in possession of Sch[edule] VI drugs on or about 12-20-15 in Robertson Co[unty].

Violation rule #9: Offender has failed to make payments to supervision fees and to court costs and fines.

On August 15, 2016, a second probation violation warrant was issued under all of the case numbers to which Defendant had originally pled. This warrant alleged the same violations of rules #1, #2, and #8 as the original warrant but changed the location of the new offenses to Sumner County, as well as added an additional violation of rule #8 in that "Offender was charged and convicted for [possession of drug paraphernalia] on or about 3-8-16 in Sumner Co[unty]." This warrant did not allege violations of rules #4, #5, #6, and #9. On August 23, 2016, a third probation violation warrant was issued under case numbers 2015-CR-174, -263, and -548. This warrant alleged the same violations of rules #4, #5, #6, and #9 as the first warrant and the same violations of rules #1 and #2 as the second warrant. This warrant describes the violation of rule #8 as follows: "Offender was in [possession of drug paraphernalia] on or about 12-20-15 in Sumner Co[unty] and County [sic] on or about 3-8-16 in Sumner Co[unty]." Also on August 23, 2016, a fourth probation violation warrant was issued under case numbers 2015-CR-170 and -173 alleging the same violations of rules #1, #2, and #8 as the second warrant but not alleging the violations of rules #4, #5, #6, and #9 from the first warrant.

The trial court held a probation violation hearing on September 12, 2016. The transcript of the hearing begins with the trial court summarizing the allegations presumably from the first warrant dated March 29, 2016. The trial court then asked the State if "anything new" is contained in the "amended" warrant dated August 15, 2016. The State responded that there are no new grounds alleged and that the warrant simply included all of the docket numbers and changed Robertson County to Sumner County. The trial court then asked about "the last one, August 23," and the State explained that it contained "the rest of the docket number." The trial court entered "these three warrants"[4] into evidence and characterized them as follows: "So, basically, we have everything alleged in the first warrant, and the other two clear up the docket numbers." Defendant did not object.

---

[4] There are actually four probation violation warrants contained in the record as Exhibit 1, two of which are dated August 23, 2016.

The State then entered into evidence a citation for simple possession of marijuana out of Sumner County dated December 20, 2015, a citation for possession of drug paraphernalia out of Sumner County dated March 8, 2016, and an arrest warrant for failure to appear on a criminal simulation charge out of Sumner County dated March 16, 2016. Defendant pled guilty to each of these offenses on June 22, 2016, in Sumner County, and those judgments were also entered into evidence.

The State then called Leighton Noe with State Probation. Officer Noe transferred from Davidson County to Sumner County in February of 2016, at which point she received Defendant's file. Officer Noe never had any contact with Defendant despite attempting to call him and visit his home. Defendant never returned Officer Noe's messages and no longer resided at the residence listed in his file or anywhere else in Sumner County to Officer Noe's knowledge. Officer Noe discovered that Defendant picked up additional charges by running his criminal history, which led her to take out the probation violation warrants. Officer Noe testified that Defendant was previously supervised by a probation officer named Mr. Hernandez[5] until "he moved to the parole side of our department." The file indicated that Defendant's last contact with Mr. Hernandez was in December of 2015. Officer Noe's file did not indicate that Defendant had called the probation office in January and spoken to a probation officer named Ms. Gaston, nor did it indicate that Defendant was employed by CentiMark.

Defendant testified that he reported his employment with CentiMark to Mr. Hernandez. Defendant testified that he moved out of the residence listed on his probation file "during the time period that Mr. Hernandez was no longer representing me and I was waiting on a new probation officer to pick up my caseload." Defendant testified that he reported to the office in January, spoke to Ms. Gaston, took a drug screen, and was told to wait until his new probation officer called him and let him know when to report. Defendant did not recall receiving a voicemail or text message from Officer Noe. Defendant testified that he picked up the three new charges at the same time rather than over a period of time as had been characterized by the State. According to Defendant, he informed Mr. Hernandez of the new charges in December, and Mr. Hernandez made copies of them and told him to "just address the situation and handle it properly." Defendant admitted that he missed his court date and stated that he informed Ms. Gaston of such in January. Ms. Gaston told him that "Ms. Noe would be coming and a failure to appear would be issued for my arrest." Defendant testified that he was "trying to avoid the system" so that he could be present for the birth of his first child. Defendant testified that he was only twenty years old, had several job opportunities and a stable home, and was "ready to get [his] life together."

---

[5] No first name is provided in the transcript for either Mr. Hernandez or Ms. Gaston.

On cross-examination, Defendant agreed that he initially met with a probation officer named Tammy Wright a few days after he entered his guilty pleas on November 23, 2015, and that he reported to Ms. Wright that he was unemployed and seeking employment. Defendant met with Ms. Wright again on December 12 and reported that he was working for HHG Tree Service. Defendant met with Mr. Hernandez on December 16, 2015, and again reported that he was working for HHG Tree Service. The State noted that the file did not "say anything about Cintex [sic]," to which Defendant responded that he was "also working there, as well." The State noted that "[p]robation doesn't have any record of you coming back to their office after the 16th of December after you were arrested on these charges," to which Defendant responded that "Ms. Gaston should." Defendant admitted that he was "on the run" and did not want to report to probation because he knew he would be going to jail.

At the conclusion of the hearing, the trial court found that Defendant violated his probation by failing to report for at least six months and by being arrested and convicted of new charges that were similar to the ones for which he was already on probation. The trial court ordered that Defendant's probation be revoked and that Defendant's sentence be placed into effect. A written order revoking Defendant's probation was filed on October 17, 2016.[6] Defendant filed a premature pro se notice of appeal on October 11, 2016, which is deemed timely filed as of the date of the final order from which the appeal is taken. *See* Tenn. R. App. P. 4(d). The trial court appointed appellate counsel on October 21, 2016.

*Analysis*

*I. Due Process*

Defendant argues that the State violated his due process rights by failing to give proper notice of the alleged violations of probation. Specifically, Defendant argues that the probation violation warrants were "fatally deficient in apprising [Defendant] of the violations that were being alleged" because "it [was] impossible to determine if the amended warrants [were] intended to completely supersede the original warrants or to supplement them." Defendant complains that "no single warrant bears all the case numbers of the cases under which [Defendant] was serving his term of probation, indicia of service upon [Defendant], and correctly names the correct county (Rutherford [sic]) in which [Defendant's] arrest and conviction was alleged to have occurred while on probation." Defendant also alleges that the State failed to disclose the evidence to be

---

[6] The trial court's order revoking probation states that "Defendant was placed on supervised probation with the Tennessee Department of Correction[] for a term of 12 years" and orders Defendant to "serve the original sentence of 12 years in the Tennessee Department of Correction[]." The order does not address the two additional misdemeanor sentences of eleven months and twenty-nine days that were to run consecutively to the twelve-year sentence under the terms of the plea agreement.

used against him based on these same deficiencies. The State responds that Defendant has waived his due process claim by failing to object during the revocation hearing and that Defendant was afforded the due process required for a probation revocation proceeding.

At the beginning of the revocation hearing, the trial court and State discussed the contents of the various probation violation warrants. The State explained that the subsequent warrants were meant to correct mistakes in the first warrant, including adding all of the case numbers for which Defendant was serving probation and correcting the county from which Defendant's new charges originated. The trial court admitted the warrants into evidence as a single exhibit. At no point did Defendant raise an objection to either the contents or validity of any of the warrants, depriving the trial court of the opportunity to hear and rule upon Defendant's due process arguments. Generally, appellate courts review only questions presented for determination in the trial court. *See State v. Kenneth Shane Story*, No. M2005-02281-CCA-R3-CD, 2006 WL 2310534, at *2 (Tenn. Crim. App. Aug. 9, 2006) (citing *State v. Samuel Kimoe Robinson*, No. 01C01-9803-CC-00153, 1999 WL 173671, at *2 (Tenn. Crim. App. Mar. 31, 1999), *perm. app. denied* (Tenn. June 28, 1999); *Hester v. State*, 450 S.W.2d 609, 611 (Tenn. Crim. App. 1969)), *perm. app. denied* (Tenn. Dec. 27, 2006); *see also* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). However, despite the procedural default, we elect to address Defendant's claim on the merits. *See Kenneth Shane Story*, 2006 WL 2310534, at *2; *Samuel Kimoe Robinson*, 1999 WL 173671, at *2.

A defendant who has been granted a suspended sentence and placed on probation has a conditional liberty interest that is protected by due process of law. *See State v. Merriweather*, 34 S.W.3d 881, 884 (Tenn. Crim. App. 2000); *State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). However, because the issue in a probation revocation proceeding is not the guilt or innocence of the defendant, both the United States Supreme Court and Tennessee Supreme Court have recognized that "the full panoply of rights due a defendant" in criminal prosecutions do not apply to probation revocations. *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993) (citing *Black v. Romano*, 471 U.S. 606, 613 (1985); *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)). The minimum due process rights to which a defendant is entitled during a revocation proceeding include:

(a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral

and detached' hearing body . . . ; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking probation . . . .

*Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

Defendant has alleged that the State failed to provide adequate notice of the claimed violations. Generally, "[t]he revocation of probation based on grounds not alleged and noticed to the defendant is a violation of due process." *State v. Chad Allen Conyers*, No. E2004-00360-CCA-R3-CD, 2005 WL 551940, at *4 (Tenn. Crim. App. Mar. 9, 2005), *no perm. app. filed*. However, under the relaxed due process standards of a probation revocation proceeding, actual notice of an alleged violation is sufficient. *State v. Christopher Lynch*, No. E2001-00197-CCA-R3CD, 2002 WL 554462, at *3 (Tenn. Crim. App. Apr. 16, 2002) (citing *State v. Clifford W. Jackson*, No. 02C01-9802-CR-00041, 1999 WL 615742, at *4 (Tenn. Crim. App. Aug. 13, 1999); *State v. James C. Wolford*, No. 03C01-9708-CR-00319, 1999 WL 76447, at *7 (Tenn. Crim. App. Feb. 18, 1999), *perm. app. denied* (Tenn. Sept. 20, 1999); *State v. Peck*, 719 S.W.2d 553, 557 (Tenn. Crim. App. 1986); *Stamps v. State*, 614 S.W.2d 71, 73-74 (Tenn. Crim. App. 1980)), *no perm. app. filed*. "As commonly understood, the function of notice is to provide forewarning to the person sought to be charged of the existence of the particular facts in question or to enable him of acquiring the means of knowing it." *James C. Wolford*, 1999 WL 76447, at *7 (citing 58 Am.Jur.2d Notice § 2, § 6 (1989); Black's Law Dictionary 1061, 1062 (6th ed. 1990)). This Court has held that probation violation reports and other such supplements to a probation violation warrant may serve as actual notice of an alleged violation even when the violation is not specified in the warrant itself. *See Christopher Lynch*, 2002 WL 554462, at *3. A defendant's admission to the allegations in the warrant may also be considered in determining whether he had actual notice of the violations. *See Kenneth Shane Story*, 2006 WL 2310534, at *3. Finally, even if the trial court relied on a ground for revocation not noticed to the defendant, this Court has deemed such an error to be harmless if the trial court also relied upon properly noticed grounds supported by the evidence. *See State v. David W. Sonnemaker*, No. E2003-01402-CCA-R3-CD, 2004 WL 483239, at *5 (Tenn. Crim. App. Mar. 12, 2004), *perm. app. denied* (Tenn. Oct. 11, 2004); *State v. Ricky Davis*, No. 03C01-9706-CC-00215, 1998 WL 205925, at *2 (Tenn. Crim. App. Apr. 29, 1998).

In this case, there were four probation violation warrants entered into evidence as a single exhibit. The State and the trial court characterized at least two of those warrants as "amended" warrants, though only one has the word "am[]ended" written on it. Defendant's semantic argument—that the use of the term "amended" means that "the document is intended to replace whichever warrant it is intended to amend; otherwise, it would be a supplement or addendum to the original warrant"—is not only hyper-technical, it is also incorrect. The term "amend" means "[t]o correct or make usu[ally]

small changes to (something written or spoken); to rectify or make right" or "[t]o change the wording of; specif[ically], to formally alter (a statute, constitution, motion, etc.) by striking out, inserting, or substituting words;" it does not mean to replace something in its entirety. AMEND, Black's Law Dictionary (10th ed. 2014). Defendant has pointed us to no case standing for the proposition that multiple probation violation warrants somehow render the notice provided by each inadequate and void. In fact, the Tennessee Supreme Court has stated that the State may seek an amended warrant and has found no abuse of discretion when the trial court revoked probation based on allegations in an amended warrant. *State v. Shaffer*, 45 S.W.3d 553, 55-56 (Tenn. 2001). Thus, even though each warrant contained errors in either the associated case numbers or the specific violations alleged, the four warrants may be read together to form the entirety of the allegations against Defendant. As to Defendant's argument that he did not have adequate notice because the warrants do not indicate that they were served upon Defendant, this is also incorrect. Each warrant indicates the date upon which it was executed and the name of the person who executed it. We hold that Defendant received adequate written notice of the allegations against him.

Finally, the State adequately disclosed the evidence it intended to use against Defendant by providing the text of the rule alleged to have been violated as well as a factual basis for each alleged violation. The error contained in the first warrant—that Defendant's new charges originated in Robertson County—was corrected in the subsequent amendments. The proof introduced at the hearing established that the new charges did indeed originate in Sumner County as alleged in the amended warrants. Officer Noe testified as to Defendant's failure to report and moving from his residence as was alleged in the warrants. Defendant testified and admitted that he moved out of his residence in Sumner County, that he acquired new charges, including possession of marijuana, and that he was "avoiding the system" since at least January 2016 after learning that he would be arrested. Defendant has failed to make any showing that he was prejudiced, misled, or surprised by any of the alleged violations due to either a failure to receive notice or a disclosure of evidence. We hold that Defendant received adequate due process and is not entitled to relief.

## II. Revocation of Probation

In a rather brief argument, Defendant contends that the trial court abused its discretion by placing his twelve-year sentence into effect because this was Defendant's first probation violation and he was seeking to be admitted into the Drug Court program. The State responds that the record supports the trial court's decision to revoke Defendant's probation and place his sentence into effect. We agree with the State.

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the

probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

In this case, there is substantial evidence in the record to support the trial court's finding that Defendant violated the terms of his probation; Defendant admitted as such. Despite his excuses, Defendant admitted that he was charged with and pled guilty to possession of marijuana and drug paraphernalia and that he was intentionally "avoiding the system" by not reporting to the probation office since at least January 2016. "[A d]efendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation." *State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at *4 (Tenn. Crim. App. June 8, 2016) (citing *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*), *no perm. app. filed*. Furthermore, the trial court did not abuse its discretion in ordering Defendant to serve his sentence in confinement rather than placing him in the Drug Court program. This Court has "repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Casey Dupra Drennon*, No. M2014-02366-CCA-R3-CD, 2015 WL 6437212, at *2 (Tenn. Crim. App. Oct. 23, 2015) (quoting *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), *perm. app. denied* (Tenn. Jun. 28, 1999)), *no perm. app. filed*; *see also State v. Timothy A. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002), *no perm. app. filed*. The trial court considered Defendant's testimony and concluded that he failed to accept responsibility for his actions and generally lacked remorse, humility, and candor. The trial court did not abuse its discretion in finding that Defendant violated the terms of his probated sentence and acted well-within its authority by revoking probation and ordering Defendant to serve the balance of his sentence in confinement. Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court. However, we remand the case for the correction of clerical errors on the judgment forms for Case Number 2015-CR-170. *See* Tenn. R. Crim. P. 36. On remand, the trial court should enter amended judgements reflecting which counts are to run concurrently to each other under the negotiated plea agreement.

_____
TIMOTHY L. EASTER, JUDGE